# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **T.W., Z.L.-1, and Z.L.-2**

**No. 16-0944** (Jackson County 15-JA-20, 15-JA-21, & 15-JA-22)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.W., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's September 12, 2016, order terminating her parental and custodial rights to T.W. and her parental rights to Z.L.-1 and Z.L.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children, also in support of the circuit court's order, and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her request for an extension of her post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that the children were truant from school.[2] In June of 2015, the DHHR filed an amended petition alleging that petitioner engaged in domestic violence in the children's presence, abused substances, and physically abused the children. In July of 2015, the circuit court removed the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because some of the children share the same initials, we will refer to the children as Z.L.-1 and Z.L.-2 throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

children from petitioner's custody, upon a motion by the guardian, following petitioner's emotional abuse of T.W. in the guardian's presence. According to the guardian and several witnesses, petitioner interrogated T.W. about what she disclosed to the DHHR and stated that she hoped that the children were placed in foster care where they would be "mistreated."

In October of 2015, following a series of contested adjudicatory hearings, the circuit court adjudicated petitioner as an abusing parent. The attendance director for Jackson County Schools testified that the children were excessively truant from school during the 2014-2015 school year. T.W., petitioner's oldest child, testified that all three children witnessed petitioner's substance abuse and extensive domestic violence incidents between petitioner and two of her previous boyfriends.[3] However, T.W. also explicitly stated that she did not want petitioner's parental rights to be terminated. A DHHR worker testified that petitioner was randomly drug screened during the pendency of the case and tested positive for marijuana, oxazepam, temazepan, and buprenorphine. Based upon the evidence presented, the circuit court found that petitioner exposed her children to domestic violence, substance abuse, and "failed to supply the [children] with necessary education." Subsequently, petitioner filed a motion requesting a post-adjudicatory improvement period, which was granted by the circuit court without objection. The terms of petitioner's improvement period were set out in a family case plan and required that petitioner participate in weekly individual and family therapy sessions; in an outpatient substance abuse treatment program; in random drug screening; and in parenting skills classes. It also required that petitioner undergo a parental fitness evaluation.

In July of 2016, the guardian filed a motion to terminate petitioner's improvement period due to her failure to comply with random drug screening. Also in July of 2016, petitioner filed a motion to extend her improvement period alleging that she substantially complied with the requirements of the same.

In July and August of 2016, the circuit court held two hearings addressing the guardian's motion to terminate petitioner's improvement period and petitioner's motion to extend the same. Petitioner testified that she had been going to counseling and was enrolled in an intensive outpatient drug treatment program. She admitted missing several drug screens but denied using controlled substances. Petitioner also admitted stating that she "wanted the guardian dead" but that her statement was meant as a "joke" and she "never threatened to kill anyone." A DHHR worker testified that petitioner continued to fail random drug screens but denied using substances. Petitioner's family therapist provider testified that petitioner missed several weekly therapy appointments and her attendance during the pendency of services "has been sporadic." The therapist also testified that petitioner admitted that she continued to abuse substances. A counselor at Westbrook Health Services testified that petitioner enrolled in the intensive outpatient substance abuse program offered there but needed to "restart" the program due to the number of sessions she missed. Based on the evidence presented, the circuit court found that petitioner failed to substantially comply with her improvement period. The circuit court also

---

[3]According to the record, the circuit court held an in-camera hearing on August 14, 2015, wherein T.W. testified and was represented by the guardian.

found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect. The circuit court terminated her custodial rights to T.W., terminated her parental rights to Z.L.-1, and Z.L.-2, and denied her motion to extend the post-adjudicatory improvement period.[4] It is from that September 12, 2016, dispositional order that petitioner appeals.[5]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion to extend her post-adjudicatory improvement period.

Petitioner contends that the evidence presented below demonstrated that she substantially complied with the terms and conditions of her improvement period. West Virginia Code § 49-4-610 provides that "[a] court may extend any improvement period . . . when the court finds that the respondent has substantially complied with the terms of the improvement period." However, we have previously held that

[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period before the twelve-month time frame has

---

[4]As indicated above, the parental rights of both parents of Z.L.-1 and Z.L.-2 were terminated below. According to the guardian, Z.L.-1, and Z.L.-2 were placed in a foster home together and the permanency plan is adoption into that home. Additionally, the record indicates that petitioner's custodial rights to T.W. were terminated below. The parental rights of N.W., T.W.'s father, were also terminated below. Seventeen-year-old T.W. was placed at Burlington United Methodist facility and has requested admission into an independent living program upon her release from Burlington.

[5]On appeal, petitioner does not raise a specific assignment of error regarding the circuit court's termination of parental rights.

expired if the court is not satisfied that the defendant is making the necessary progress.

Syl. Pt. 2, *In re Lacy P*., 189 W.Va. 580, 433 S.E.2d 518 (1993).

Here, it is clear from the record on appeal that petitioner failed to demonstrate her ability to substantially comply with the terms of her improvement period. In fact, petitioner was never fully compliant with the therapeutic services requirement or with the services that addressed her continued substance abuse. The circuit court was presented with evidence that petitioner missed multiple random drug screens, continually tested positive for controlled substances, while denying abusing controlled substances, failed to complete an intensive outpatient substance abuse treatment program, and failed to attend required therapy sessions.

> Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). Petitioner has repeatedly failed to acknowledge the issues giving rise to the abuse and neglect allegations against her. Furthermore, it is clear that petitioner failed to establish that she fulfilled the terms of her post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4